UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 2: 12-13-DCR |
| V. | ) ) | |
| JOSEPH ALDON WEIR, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Joseph Aldon Weir was indicted on March 8, 2012 on four felony counts: interstate kidnapping, brandishing a firearm in furtherance of a crime of violence, armed bank robbery, and possessing a firearm in furtherance of a crime of violence. [Record No. 1] On October 10, 2012, Weir filed a motion for separate trials. [Record No. 43] For the reasons explained below, the Court will grant Weir's motion and order two separate trials on the counts in his indictment.

**I.**

Weir asserts that Counts 1 and 2 of his indictment were misjoined with Counts 3 and 4. Rule 8 of the Federal Rules of Criminal Procedure governs the joinder requirements for criminal proceedings in federal court. It provides that

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "If joinder of . . . multiple offenses does not comply with the requirements of Rule 8, the district court has 'no discretion on the question of severance.'" *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (quoting *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982)). Proper joinder must be determined by "the allegations on the face of the indictment." *Id.*

### A. Same or Similar Character[1]

Weir asserts that the conduct of kidnapping and bank robbery are not so "same or similar" that the charges should be "connected together." [Record No. 43, p. 3] For two offenses to be the "same or similar," the two classes of offenses must be "substantially similar in character." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002). For instance, a count alleging fraudulent misapplication of corporate funds may be properly joined with a count alleging false statements made to lenders because "the offenses [are] crimes of deceit involving federally insured lending institutions." *United States v. Cartwright*, 632 F.2d 1290, 1293 (5th Cir. Unit A 1980). On the other hand, the Second Circuit has found joinder to be improper where a defendant committed two robbery offenses but "used distinctly different methods." *United States v. Tubol*, 191 F.3d 88, 95 (2d Cir. 1999).

The government argues that the two offenses are properly joined because "they are violent crimes committed by an armed defendant in search of money." [Record No. 46, p. 2] This connection is tenuous at best. Using the government's logic, every offense that involved

---

[1] The government does not argue that the kidnapping and bank robbery offenses are "based on the same act or transaction." Fed. R. Crim. P. 8(a). Thus, the Court limits the inquiry to the first and third prongs of Rule 8(a), and will consider whether the acts were of the "same or similar character" or parts of a common scheme. *Id.*

violence in the pursuit of financial gain — from mugging to burglary to human trafficking — would be properly joined under Rule 8(a), no matter how distinct the timing, place, or circumstances.

When assessing whether two offenses meet the "same or similar" prong of Rule 8(a), the Court should consider several factors, including "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). As an initial matter, the elements of the two offenses are distinct, and the offenses involved different victims. However, the "physical location" factor supports joinder because the offenses allegedly were committed in Kenton County, Kentucky.

The temporal proximity of the acts weighs against joinder in this matter. In *Chavis*, the Sixth Circuit considered the "significant gap in time" between the two offenses when it concluded that a defendant's firearms charge was not of the "same or similar character" as his crack cocaine charge. 296 F.3d at 458. In its response, the government points out that the lapse in time between two offenses is not dispositive. [Record No. 46, p. 2] Although it is true that courts in the Sixth Circuit "put little emphasis on temporal connection" when evaluating joinder, the lapse of time between two offenses is still a factor to consider when determining whether those offenses were of same or similar character under Rule 8. *United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006). Here, the seven-month gap in time between the kidnapping

offense and the bank robbery offense supports a conclusion that the offenses were not properly joined.

The "evidentiary overlap" factor also supports a finding of misjoinder. In *United States v. Richardson*, 161 F.3d 728 (D.C. Cir. 1998), the D.C. Circuit explained that where there is "no substantial overlap in evidence . . . judicial economy does not favor joinder." *Id.* at 734. Here, the kidnapping and bank robbery counts concern different crimes, which — according to the Indictment — were committed on different dates and involved different weapons.[2] Thus, Weir's guilt as to each offense must be "established on proof of elements unique to that offense." *United States v. Hubbard*, 61 F.3d 1261, 1270-71 (7th Cir. 1995) (finding joinder of weapons and narcotics charges improper where possession of firearm occurred one-and-a-half years before distribution of narcotics). The only evidence common to both offenses is the statement made to law enforcement on February 5, 2012. However, it appears that this statement may be readily redacted for use at separate trials. The lack of evidentiary overlap supports a finding that the offenses "do not spring from the same series of events or factual background." *Chavis*, 296 F.3d at 460.

Weir's alleged offenses are not "substantially similar in character." *Tubol*, 191 F.3d at 95. The kidnapping and bank robbery charges asserted against Weir are not logically related, there was a significant period of time between the offenses, and there is little evidentiary overlap. Therefore, based on a balance of the factors, the Court concludes that the offenses charged in the Indictment are not properly joined under the "same or similar character" prong of Rule 8(a).

---

[2] The alleged kidnapping offense involved a .357 caliber handgun, while the alleged bank robbery was committed with a .380 caliber handgun. [Record No. 1, pp. 2, 3]

B.    **Common Scheme or Plan**

Further, Weir's counts are not connected by a "common scheme or plan." Fed. R. Crim. P. 8(a). Joinder is permitted under this prong of Rule 8(a) where the offenses "grow out of related transactions." *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996); *see Jawara*, 474 F.3d at 574 (noting that joinder is appropriate where there is "a nexus between the two counts"). For instance, joinder may be appropriate "when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). The government insists that it "anticipates that the evidence presented at trial will establish that the kidnapping and bank robbery were part of a common scheme or plan."[3] [Record No. 46, p. 2] However, the Indictment contains no allegation to support this contention. *See Chavis*, 296 F.3d at 456-57. Even if the Court were permitted to look outside the Indictment to determine whether joinder is proper, this argument would fail because the government has not put forward any evidence that supports the conclusion that Weir's two offenses were part of a "common scheme." Therefore, the Court concludes that joinder was also improper under the "common scheme or plan" prong of Rule 8(a).

---

[3]    As discussed above, the government contends that joinder is appropriate because the offenses involve "violent crimes committed by an armed defendant in search of money" [Record No. 46, p. 2] This could also be interpreted as an assertion that the use of a weapon in a criminal endeavor to obtain money illegally is the "common thread of an overarching criminal scheme connecting these two crimes." *Chavis*, 296 F.3d at 458. However, for the same reasons that this is an unconvincing argument for the "same or similar character" analysis, the common theme of violence in pursuit of money is not enough to establish that the kidnapping and bank robbery counts grew out of "related transactions." *Randazzo*, 80 F.3d at 627.

**II.**

For the foregoing reasons, the Court concludes that Counts 1 and 2 of Weir's Indictment were misjoined with Counts 3 and 4. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Joseph Aldon Weir's Motion for Separate Trials [Record No. 43] is **GRANTED**.

2. The jury trial currently scheduled for November 5, 2012, at the United States District Court in Covington, Kentucky shall proceed on Counts 1 and 2 of the Indictment.

3. By agreement of the parties, the jury trial for Counts 3 and 4 of the Indictment shall be rescheduled for **Monday, December 3, 2012**, beginning at the hour of **9:30 a.m.**, at the United States District Court in Covington, Kentucky. Counsel shall be present in Court at **9:00 a.m.**

This 30th day of October, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge