UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 12-13-DCR |
| | ) | and |
| V. | ) | Civil Action No. 2: 16-38-DCR |
| | ) | |
| JOSEPH A. WEIR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Joseph Weir[1] has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Record No. 151]  In accordance with 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States Magistrate Judge for issuance of a report and recommendation.  On June 24, 2016, Magistrate Judge Robert E. Wier issued his report, recommending that the motion be denied.  [Record No. 166]  Additionally, the Magistrate Judge recommended that a Certificate of Appealability not be issued.  [*Id.*]  Neither Weir nor the United States has filed objections to the Recommended Disposition.

## I.

While this Court conducts a *de novo* review of those portions of a magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

---

[1]   There is no familial or other relationship between the defendant and the United States Magistrate Judge assigned to this matter.

those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to the magistrate judge's findings of fact and recommendations waives the right to appeal.  *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154−55 (6th Cir. 1986).

Weir did not file objections to the Report and Recommendation and the time to do so has expired.  Nevertheless, the Court has reviewed the record *de novo*.  After fully considering the record, the Court agrees with the Magistrate Judge's analysis and conclusions.  Thus, it will deny Weir's motion to vacate his sentence and decline to issue a Certificate of Appealability.

## II.

On March 8, 2012, Weir was indicted for interstate kidnapping, which occurred on May 31, 2011, and armed bank robbery, which occurred on December 5, 2011.  [Record No. 1, pp. 1−2]  The kidnapping, addressed by 18 U.S.C. § 1201(a)(1), involved a charge under 18 U.S.C. § 924(c)(1) because Weir brandished a firearm in furtherance of the offense.  [*Id.*]  The bank robbery, addressed by 18 U.S.C. § 2113(a) and (d), also involved a § 924(c)(1) charge for possessing a firearm in furtherance of the offense.  [*Id.*, p. 2]  Due to a defense motion, a competency hearing was held on September 12, 2012, and the defendant was found competent to stand trial.  [Record Nos. 13; 41; 58]  Next, Weir filed a motion to suppress a statement he gave to law enforcement during an interview conducted on February 5, 2012.  [Record No. 47]  That motion was denied.  [Record No. 67]

Due to a defense motion, the Court conducted separate jury trials for the two sets of charges.  [Record Nos. 43; 66]  At both trials, the jury convicted Weir of all counts.

- 2 -

[Record Nos. 87; 113]  A sentencing hearing was held on April 29, 2013, and the defendant was sentenced to a 711-month term of imprisonment, followed by five years of supervised release.  [Record Nos. 122; 124]  On appeal, the United States Court of Appeals for the Sixth Circuit affirmed.  *United States v. Weir*, 587 F. App'x 300, 310 (6th Cir. 2014).  The United States Supreme Court denied to issue a writ of certiorari.  *Weir v. United States*, 135 S. Ct. 1455 (2015).

## III.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude that had a substantial and injurious effect or impact on the proceedings.  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Additionally, to prevail on a claim of nonconstitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'"  *Id*. (quoting *United States v. Ferguson*, 918 F. 3d 627, 630 (6th Cir. 1990)) (internal quotation marks omitted).

## IV.

On February 22, 2016, Weir filed the present motion under 28 U.S.C. § 2255, asserting four ineffective assistance of counsel claims, as well as a cumulative error claim.[2] [Record No. 151, pp. 4−9]  The United States responded, but Weir did not file a reply. [Record No. 163]  As an initial matter, the Court notes that Weir submitted a letter stating that he was unable to rebut the United States' argument because he was "impeded" from obtaining his legal property while in transit or in the Special Housing Unit.  [Record No. 167]  However, Weir never mentioned in his two motions to supplement the pending § 2255 petition that he was allegedly prevented from accessing legal documents.[3]  [*See* Record Nos. 161; 164.]  Further, those supplemental motions, which he submitted both before and after the United States filed its response in opposition to the § 2255 petition, suggest that the defendant did, in fact, have access to his legal property, as he outlined several viable legal arguments in them.  [*See id.*]

---

[2]      Weir also requests appointment of counsel.  [Record No. 151, p. 13]  The United States Constitution does not provide a right to counsel in habeas proceedings.  *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).  However, the Court *may* appoint counsel in such proceedings. *See* 28 U.S.C. § 2255(g).  When "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255."  18 U.S.C. § 3006A(a)(2)(B).  But "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Here, the record and the parties' arguments are adequate for determining the issues presented. Thus, appointment of counsel would be unnecessary and a waste of resources.

[3]      The defendant explained in his original habeas petition that he did not have access to his documents [Record No. 151, p. 12]; however, his failure to re-assert such an issue in his supplemental motions tends to indicate that he later obtained access to such documents.  Because the Court permitted Weir to file his first supplemental motion, he was able to overcome any impediment occurring during the filing of the habeas petition.  [Record No. 162]

Although Weir asserts that he did not receive notifications regarding his pending motion through the mail, the record only suggests that mail was "undelivered" on March 29, 2016, and April 6, 2016.  [Record Nos. 158; 160]  On March 30, 2016, the Clerk of Court forwarded the Court's amended briefing schedule to Weir at his new address, and the record does not reflect any problem with that address.[4]  [Record No. 159]  Because the United States did not file its response until 19 days later, Weir had ample time in which to file his reply, which was due thirty days after the response.  [*See* Record Nos. 157; 163]  Because the record contradicts Weir's allegations regarding the mail and his lack of access to legal materials, it is appropriate to now address the ripe motion to vacate, regardless of Weir's failure to reply to the United States' contentions.[5]  *See, e.g.*, *Williams v. Brunsman*, No. 1:08-CV-00136, 2009 WL 816265, *6 (S.D. Ohio Mar. 26, 2009) ("The record otherwise fails to support petitioner's contention that his inadequate or limited access to the law library prevented him from timely filing his habeas petition.").

With that matter resolved, the Court returns to Weir's pending habeas motion.  First, he argues that his trial counsel failed to adequately litigate the issue regarding suppression of his February 5, 2012 statements to law enforcement.  [Record No. 151, p. 4]  Second, Weir asserts that his counsel did not request certain jury instructions and challenge certain

---

[4]       In any event, it was Weir's responsibility to update his address.  *See, e.g.*, *Evans v. Metrish*, No. 06-CV-13660, 2008 WL 3200002, *1 (E.D. Mich. Aug. 6, 2008).

[5]       Weir also alleges in his letter that he was not notified of any "ruling or opi[ni]on set forth against" his motion.  [Record No. 167]  The defendant appears to be referring to the Recommended Disposition because the Court had not issued anything else resembling a ruling on the pending habeas motion.  Because Weir appears to have received notification of the Recommended Disposition as of June 27, 2016 [Record No. 167-1], he had sufficient time to submit objections to it.

jurors' qualifications. [*Id.*, pp. 5–6] Third, the defendant makes a cumulative error argument couched as an ineffective assistance of counsel claim. [*Id.*, p. 7] Fourth, he contends that his counsel failed to present certain offender characteristics at sentencing. [*Id.*, pp. 8–9]

### A.      Ineffective Assistance of Counsel

Ineffective assistance of counsel is a mixed question of law and fact that is reviewed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). It requires that a defendant show: (i) counsel's performance was deficient by falling "below an objective standard of reasonableness," *id.* at 688; and (ii) the defendant was "prejudiced" by such deficient performance. *Id.* at 687. To determine deficient performance, the court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (quoting *Strickland*, 466 U.S. at 688–89) (internal citation omitted); *Poindexter v. Mitchell*, 454 F.3d 564, 577 (6th Cir. 2006). This review requires consideration of the norms of practice as reflected in the American Bar Association Standards for Criminal Justice. *See Rompilla v. Beard*, 545 U.S. 374, 387 (2005).

To establish prejudice, "[t]he defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. More specifically, the Sixth

Circuit has held "that a petitioner need not prove by a preponderance of the evidence that the result would have been different, but merely that there is a reasonable probability that the result would have been different." *Skaggs v. Parker*, 235 F.3d 261, 271 (6th Cir. 2000).

With regard to errors at trial, the defendant must establish that, had the jury been confronted with [the] mitigating evidence, there is a reasonable probability that it would have returned with a different sentence." *Wiggins*, 539 U.S. at 536. And with respect to errors at the sentencing hearing, the defendant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### 1.    Suppression Issue

Weir argues that trial counsel Steven Howe failed to appropriately present the suppression issue to the Court by failing to investigate and/or argue: (i) Weir's drug abuse and mental health history; (ii) Weir's habit of invoking his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and (iii) that Weir's post-*Miranda* statements were involuntary. [Record No. 151, p. 4] The Magistrate Judge concluded that Weir is barred from raising these arguments to the extent that they were litigated and rejected on appeal. *See Weir*, 587 F. App'x at 303−05. [Record No. 166, p. 6] The Court agrees. *See Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). The defendant has not demonstrated "highly exceptional circumstances, such as an intervening change in law," that would permit him to re-litigate the issue in the present habeas motion. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *Giraldo v. United States*, 54 F.3d 776 (table), 1995 WL 290354, *2 (6th Cir.), *cert. denied*, 516 U.S. 892 (1995)).

The Court also agrees with the Magistrate Judge that the arguments fail on the merits. [Record No. 166, p. 6]  Through the competency determination, Weir's first counsel, Dennis Alerding, alerted the Court to Weir's bipolar disorder, ADHD, depression, and other "mental disorders," in addition to his hospitalizations and medical records. [Record No. 13]  Attorney Howe then represented Weir at the competency hearing and submitted post-hearing supplemental information regarding Weir's educational background. [Record Nos. 37; 58]  Next, Howe filed a motion to suppress, drawing attention to several of the aspects of the February 5, 2012, interview that Weir finds problematic, such as his admission regarding "smoking weed" and taking prescription pills, as well as his vomiting and wiping sweat. [*See, e.g.*, Record No. 47, pp. 5−6.]  The motion to suppress also addressed other aspects of Weir's mental health and challenged the voluntariness of the confession on these bases. [*Id.*, p. 9]

In ruling on the motion, the Court referenced its thorough evaluation of Weir's mental health conditions and substance abuse, concluding that Weir's statements were voluntary, knowing, and intelligent. [Record No. 67, pp. 7−9]  And at trial, Howe presented ample evidence concerning Weir's lack of sobriety. [Record No. 163-1, pp. 1−2]  Under prevailing professional norms, Weir's representation was clearly not deficient with respect to those issues. *See Wiggins*, 539 U.S. at 523.

Regarding Weir's alleged habit of refusing to talk to police, Howe presented such a contention to the Court in his brief. [Record No. 47, pp. 1, 8]  Further, Weir's in-court testimony at the evidentiary hearing also revealed that alleged habit; therefore, the allegation was considered in addressing the motion to suppress. [Record Nos. 67, pp. 2, 7;

71, p. 42]  As a result, the record demonstrates that Howe's performance was not deficient regarding that matter.  *See Wiggins*, 539 U.S. at 523.

Although Weir lists numerous other possible facts counsel could have addressed in his motions and arguments to the Court, the record indicates that counsel's performance was adequate by all appropriate standards.  [*See, e.g.*, Record No. 151-2, pp. 2−3.] Moreover, even if counsel's failure to address certain mitigating evidence constituted deficient performance, Weir has not explained how such errors signify a reasonable probability that the result of the proceeding regarding suppression or the trial would have been different.  *See Strickland*, 466 U.S. at 694; *Jackson v. McQuiggin*, 553 F. App'x 575, 583-84 (6th Cir. 2014) (concluding that, even if counsel's performance was deficient, sufficient circumstantial evidence allowed the jury to find beyond a reasonable doubt that defendant was guilty); *Flick v. Warren*, 465 F. App'x 461, 464-65 (6th Cir. 2012).  For example, while Weir argues that counsel should have requested a second psychological examination, he does not present information regarding what that examination would have revealed.  [Record No. 161, p. 5]

### 2.    Jury Instructions and Juror Qualifications

The defendant also contends that counsel was ineffective for failing to request certain jury instructions regarding his confession and for failing to resolve issues involving two jurors' familiarity with the victim.  [Record No. 151, pp. 5−6]  The Magistrate Judge first noted that the contentions underlying these ineffective assistance claims were addressed on appeal, meaning Weir is barred from re-litigating them in the present motion. *See Myers*, 198 F.3d at 619.  [Record No. 166, p. 12]  Next, the Magistrate Judge concluded

that counsel's performance was not deficient with regard to these issues and that no prejudice resulted from Howe's actions.  [*Id.*, p. 14]  Again, the Court agrees for the reasons outlined below.

Regarding the instruction issue, the Court gave the instruction sought by Weir at both trials—Sixth Circuit Pattern Instruction 7.17 concerning transcriptions of tape recordings.  [Record Nos. 151-1, p. 4; 85, p. 22; 112, p. 26]  Further, as noted by the Sixth Circuit, the Court also instructed the jury that that "[y]ou may not convict the Defendant based solely upon his uncorroborated statement or admission" at the bank robbery trial. [Record No. 112, p. 27]  In short, the record contradicts Weir's factual allegations and he fails to demonstrate deficient performance or prejudice on this issue.  *See Strickland*, 466 U.S. at 694.

During the first trial, two jurors informed the Court of their association with the victim—Juror #340's brother-in-law's brother's wife (since divorced) was the victim's daughter, and Juror #342 worked with the victim's daughter thirty years prior to the trial.[6] [Record Nos. 128, p. 48]  Attorney Howe moved for a mistrial.  Thereafter, the Court and counsel for the defendant and the government further questioned the jurors.  [*Id.*]  Juror #340 indicated that her relationship to the victim's daughter would not affect her ability to

---

[6]      Mr. Howe:      And considering the fact that there is a relationship that at least existed at one point in time, would there be a bias on behalf of the government's proof at this point in time by virtue of the fact that you know LeAnn [i.e., the victim's daughter] and knew the family, things along those lines?

Juror No. 340: No, there wouldn't.

[Record No. 128, p. 55]

be fair and impartial, but Juror #342 stated that it might.  [*Id.*, pp. 49−54]  The Court denied the motion for a mistrial but excused Juror #342.  [*Id.*, p. 57]  Upon renewal of the motion for a mistrial, the Court again denied the motion.  [Record No. 130, pp. 27, 31]

Weir's counsel performed adequately by moving twice for a mistrial.  *See Wiggins*, 539 U.S. at 523.  Further, Weir experienced no prejudice regarding Juror #342 due to her removal.  Based on the *voir dire* process and the tenuous nature of Juror #340's connection to the victim, there is no reason to conclude that the defendant was prejudiced by her presence as a juror.  *See United States v. Tab*, 259 F. App'x 684, 692 (6th Cir. 2007).  To the extent Weir contends that the two jurors tainted the jury, the Court gave the proper curative instructions and may properly assume that the jurors followed the instructions, absent evidence to the contrary.  *See Shannon v. United States*, 114 S. Ct. 2419, 2427 (1994).  [Record No. 128, pp. 52, 55 60]  Consequently, the Court agrees with the Magistrate Judge that Weir was not prejudiced by any alleged deficiency in counsel's performance with regard to this issue.  [Record No. 166, p. 13]

### 3.    Cumulative Error

Weir subsequently asserts a cumulative error claim, attacking the sufficiency of the evidence and Howe's overall performance.  [Record No. 151, p. 7]  Again, however, Weir is barred from challenging the sufficiency of the evidence because the Sixth Circuit already addressed and rejected this claim.  *See Weir*, 587 F. App'x at 306−08.

Weir first makes vague allegations regarding counsel's failure to examine witnesses or present a defense.  [*Id.*]  However, counsel cross-examined all witnesses, called witnesses, had Weir testify at the first trial, and introduced a video of the confession at the

second trial.  [Record Nos. 99; 132, p. 64; 166, p. 15]  Thus, the record contradicts this factual allegations.

The defendant also alleges that the victim who identified him during the first trial had misidentified him during a photograph array prior to the trial.  [Record No. 151, p. 7] However, the record reflects that, during cross-examination, the victim acknowledged the misidentification the day following her abduction by the defendant.  [Record No. 128, pp. 36-37][7]  With regard to Weir's contentions about the nonexistence of certain types of evidence (*e.g.*, fingerprint and DNA evidence), the Magistrate Judge properly concluded that substantial other evidence, both circumstantial and direct, supported both jury verdicts. *See, e.g.*, *Lint*, 542 F. App'x at 479; *United States v. Noland*, Nos. 5:09-176-DCR, 5:14-7352-DCR, 2015 WL 3819958, at *5 (E.D. Ky. Jun. 18, 2015).  [Record No. 166, p. 16] For instance, Weir takes issue with the evidence relating to the § 924(c)(1) convictions at both trials because no firearms were recovered.  [Record No. 151, p. 7]  But the Court noted during the first trial that both the victim's testimony and Weir's admission supported a conviction on that charge.  [Record No. 130, p. 79]  In addition, the Court noted during the second trial that the teller's testimony, the defendant's statement, and the defendant's conduct at the bank supported a conviction on the § 924(c)(1) charge.  [Record No. 132,

---

[7]      Q       . . . But I guess as far as your ability to describe what you say that day in that car, you admit that you got the clothing wrong, you admit that you picked out the wrong person the next day, you admit that the sleeves were not correct.  I mean, is that all a fair statement of the things that you got wrong about identifying things in that car that day?

A       I would say.

[Record No. 128, pp. 37]

pp. 102−08]  Where ample evidence supported all convictions, counsel's performance was not deficient due to any failure to challenge the convictions based on a lack of evidence. *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (stating a court should grant Rule 33 relief where "the [jury's] verdict was against the manifest weight of the evidence"); *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (stating a court should grant Rule 33 relief only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict").

Moreover, Weir's assertion that his counsel was ineffective for failing to make the jury aware of witness Applegate's criminal and substance abuse histories and move for a new trial based on those issues is without merit.  [Record No. 151, p. 7]  Applegate testified about her two prior convictions for possession of cocaine and possession of a forged instrument.  [Record No. 131, p. 98]  She also admitted that she was recovering from a heroin addiction.  [*Id.*, pp. 99−100]  Even if counsel could have asked Applegate about a recent arrest in Tazewell, Tennessee, his performance was not unreasonable under prevailing norms where he made the jury aware of two convictions and a serious history of substance abuse.  Nor has Weir shown a reasonable probability that the jury would not have convicted him of the bank robbery charge if it had heard information regarding Applegate's additional arrest.  *See Strickland*, 466 U.S. at 694.

Ultimately, the Court agrees with the Magistrate Judge that Weir has not established any individual trial errors.  [Record No. 166, p. 20]  And the defendant certainly has not highlighted any errors that support habeas relief.  As a result, his cumulative error argument

fails on the merits.  *See United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005).

### 4.    Sentencing

Finally, the defendant alleges ineffectiveness with regard to sentencing.  [Record No. 151, pp. 8−9]  The Magistrate Judge properly concluded that this argument is without merit because Howe covered all topics that Weir claims were not addressed at sentencing.  [Record No. 166, p. 21]  For example, Weir's sentencing memorandum explored his abusive childhood, learning disabilities, mental health conditions, and substance abuse.  [Record No. 121, pp. 5−6]  Additionally, during the hearing, Howe presented Weir's "propensity to work," "school records," "[r]ough childhood," psychological conditions, and addiction.  [Record No. 143, pp. 27−28]  Further, the Presentence Investigation Report ("PSR") highlighted Weir's medical, mental, and substance abuse histories; educational achievements; and employment.  [Record No. 127, pp. 24−31]  Because the record completely contradicts Weir's allegations, it is clear that Howe rendered adequate performance at the sentencing hearing.  Moreover, where the PSR extensively covered the specific issues raised by Weir, no prejudice resulted.  *See Strickland*, 466 U.S. at 694.

### B.    Evidentiary Hearing

Although Weir requests an evidentiary hearing, the Magistrate Judge properly determined that such a hearing is not warranted.  [Record Nos. 151, p. 13; 166, p. 24]  To the extent the defendant presents unsubstantiated conclusions or allegations contradicted by the record, he is not entitled to a hearing.  *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974).  In addition, the

record conclusively shows that Weir is not entitled to relief, so an evidentiary hearing is not warranted. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## V.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 349 (2003) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, several of Weir's claims are nothing more than conclusory statements. With respect to the ineffective assistance claims that are fleshed-out, the record clearly demonstrates that counsel's performance was adequate and that the defendant cannot prove that he was prejudiced by any of the alleged deficiencies. To the extent Weir alleges non-ineffective assistance of counsel claims, they lack merit based on the wealth of evidence supporting his convictions. As a result, the Court agrees with the Magistrate Judge that no reasonable jurist would find the above-mentioned substantive conclusions debatable or wrong. *See Slack*, 529 U.S. at 484. [Record No. 166, p. 25]

When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Magistrate Judge correctly concluded that many of Weir's claims are procedurally

barred and that jurists of reason would not find such a conclusion debatable.  [Record No. 166, p. 25]  Consequently, the defendant is not entitled to a Certificate of Appealability on any issue raised in this proceeding.

<b>VI.</b>

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant Joseph Weir's motion for appointment of counsel [Record No. 151] is **DENIED**.

2.      The Report and Recommendation of Magistrate Judge Robert E. Wier [Record No. 166] is **ADOPTED** and **INCORPORATED** herein by reference.

3.      Weir's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 151] is **DENIED**, and this matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4.      A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

5.      A Judgment in favor of the United States shall issue this date.

This 15th day of July, 2016.



**Signed By:**

*Danny C. Reeves* DCR

**United States District Judge**