UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

UNITED STATES OF AMERICA,

Plaintiff,

V.

JOSEPH A. WEIR,

Defendant.

Criminal Action No. 2: 12-13-DCR
and
Civil Action No. 2: 16-38-DCR

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

On July 15, 2016, the Court denied Defendant Joseph Weir's motion to vacate his sentence under 28 U.S.C. § 2255 and dismissed the collateral proceeding. [Record Nos. 168; 169] Thereafter, the Court received a motion for an extension of time concerning Weir's untimely objections. [Record No. 170] The Court granted the extension, overruling the objections on the merits. [Record No. 171] On July 24, 2016, the defendant submitted a letter, which the Court construed as a motion for reconsideration. [Record No. 172] The Court declined to reconsider its July 15, 2016 Memorandum Opinion and Order. [Record No. 173]

Weir has now submitted a "Motion to the Court," which the Court construes as a second request for reconsideration. [Record No. 174] While the defendant does not request any specific relief, he indicates that he "seeks the review of additional issues" based on his contention that he can "show evidence" demonstrating that he was impeded from obtaining his legal property for preparing and addressing the § 2255 motion. [*Id.*, p. 1]

Although Weir claims to have "383 property forms" demonstrating that he was impeded from obtaining his legal property, he does not attach those forms to his motion. [*Id.*]

In any event, even if Weir had attached those documents, they would not entitle him to reconsideration. As explained in the Memorandum Opinion and Order addressing the previous motion for reconsideration, to the extent he desired his trial transcripts, they were not necessary for filing the habeas petition. *See Hall v. Warden*, 662 F.3d 745, 751 (6th Cir. 2011); *United States v. Denny*, 694 F.3d 1185, 1192 (10th Cir. 2012). [Record No. 173, p. 2]

Further, after the Court permitted Weir to supplement his habeas motion [Record No. 162], it was his responsibility to file motions for extensions or motions to obtain access to any documents to which he claimed entitlement. *See, e.g.*, *Turner v. Mills*, 219 F. App'x 425, 429–430 (6th Cir. 2007). [Record No. 173, p. 3] It was not the Court's duty to actively seek out whether Weir's supplemental motion was still deficient based on circumstances preventing him from obtaining access to his documents. Weir's present motion does not address his previous failure to diligently pursue his rights. In other words, the evidence he seeks to provide comes too late.

Finally, with respect to any delay associated with Weir's objections to the Magistrate Judge's Report and Recommendation, the Court noted that it eventually considered Weir's objections on the merits, meaning he was not prejudiced in that respect.[1] [*Id.*] Because Weir still fails to demonstrate a clear error of law, newly discovered evidence, an intervening change in law, or a need to prevent manifest injustice with regard to the Court's July 15, 2016 Memorandum Opinion and Order, his motion for reconsideration will be denied. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Accordingly, it is hereby

---

[1] The Court further notes that Weir did not reference a continued impediment in his objections to the Report and Recommendation. [*See* Record No. 170-1.]

**ORDERED** that Defendant Joseph Weir's second motion for reconsideration [Record No. 174] is **DENIED**.

This 16th day of August, 2016.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**