UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 2: 12-013-DCR |
| ) | and |
| V. ) | Civil Action No. 2: 20-003-DCR |
| ) | |
| JOSEPH A. WEIR, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Joseph Weir, proceeding by counsel, has filed an application for a Certificate of Appealability ("COA"), docketed as a motion, regarding five claims raised in his second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 200] The five claims include: (1) insufficient evidence to convict the defendant of possessing a firearm in furtherance of a crime of violence (bank robbery); (2) coerced confession; (3) the testimony of a witness was not credible; (4) the Court allowed a juror to participate in his kidnapping trial despite the fact that the victim was a godparent of the juror's nephew; and (5) ineffective assistance of trial counsel. The motion will be denied.

I.

Weir was indicted on four counts: kidnapping in violation of 18 U.S.C. § 1201(a) (Count 1); brandishing a firearm in furtherance of a crime of violence (the kidnapping) in violation of 18 U.S.C. § 924(c) (Count 2); armed bank robbery in violation of 18 U.S.C. § 2113(a); and (d) (Count 3); and possessing a firearm in furtherance of a crime of violence (the bank robbery) in violation of 18 U.S.C. § 924(c) (Count 4). [Record No. 1] Weir was

convicted on Counts 1 and 2 in a December 5, 2012, jury trial. [Record No. 83] He was convicted on Counts 3 and 4 in a separate jury trial on December 20, 2012. [Record No. 109]

The Court initially sentenced Weir to terms of 327 months' imprisonment on Count 1, 84 months' imprisonment on Count 2, 300 months' imprisonment on Count 3, and 300 months' imprisonment on Count 4. [Record No. 124] Counts 1 and 3 were to be served concurrently with each other, and Counts 2 and 4 were to be served consecutively with each other and consecutively with Counts 1 and 3 for a total term of 711 months' imprisonment. The terms of incarceration were to be followed by 5 years of supervised release. [*Id.*]

The United States Court of Appeals for the Sixth Circuit affirmed Weir's convictions and sentence. *United States v. Weir*, 587 F. App'x 300 (6th Cir. 2014). The Supreme Court of the United States did not issue a writ of certiorari. *Weir v. United States*, 135 S. Ct. 1455 (2015). Weir subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in February 2016. [Record No. 151] The Court denied Weir's motion without issuing a COA. [Record No. 168]

Weir, proceeding *pro se*, filed a letter in February 2019, construed as a motion, requesting relief under "recent changes in the law on vagueness of the stacking provisions [of] [18 U.S.C. §§] 922(e), 922(g), and 924(c)" and citing *Dimaya v. Sessions*, 138 S. Ct. 1204 (2018). [Record No. 176] The Court transferred the motion to the Sixth Circuit for consideration as a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. [Record No. 178]

After the case had been transferred to the Sixth Circuit, Weir filed a corrected motion for leave to file a second or successive § 2255 motion. *In re Joseph Weir*, No. 19-5114, Record

No. 14-2. This corrected motion noted several claims that were not raised in the February 2019 letter to this Court, including: (1) "three bank tellers at one of my trials all stated no gun" and "Cindy Applegate . . . testified that there was no gun . . . at the time of the bank robbery;" (2) law enforcement officers coerced his confession; and (3) Applegate's testimony at trial had "no merit" in light of prior drug felonies and drug use. *Id.* at pp. 3-5. The corrected motion also raised the *Dimaya* claim noted in the February 2019 letter. *Id.* at p. 6. A letter attached to the corrected motion details a slew of other arguments, including what is effectively an ineffective assistance of counsel claim against Steven Howe, his counsel at trial, and a claim concerning the juror with a tangential relationship to the victim of his kidnapping offense. *Id.* at pp. 11-13.

The Sixth Circuit granted Weir's motion to file a second or successive § 2255 motion on January 3, 2020. [Record No. 179] In doing so, it recognized that:

> We may authorize the filing of a second or successive § 2255 motion only if the movant makes a *prima facie* showing that the motion relies either on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or "newly discovered evidence" that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."

[*Id.* at p. 2 (quoting 28 U.S.C. § 2255(h).] The court liberally construed Weir's *pro se* motion to seek relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), because that case was relevant to Weir's Count 2 § 924(c) conviction for brandishing a firearm in furtherance of the kidnapping while *Dimaya* was not. [*Id.* at pp. 2-3]

The Sixth Circuit noted that *Davis* provides a new rule of constitutional law that could potentially justify relief as to Weir's conviction on Count 2. However, it *also* explicitly considered the arguments concerning evidence of possession of a gun during the bank robbery,

Weir's confession, the merit of Applegate's testimony, ineffective assistance of counsel, and jury impartiality but found that did not rely upon newly discovered evidence or a new rule of constitutional law. [*Id.* at p. 2 ("Weir does not rely upon any newly discovered evidence, and the only new rule of constitutional law that he relies upon is the one set forth in *Dimaya*.").] The court granted Weir's motion to file a second or successive § 2255 motion because the one argument relying on a new constitutional rule (construed as a *Davis* claim) "warrant[ed] fuller exploration in the district court." [*Id.* at p. 3 (internal quotation marks and citation omitted).]

This Court then addressed the authorized second or successive § 2255 motion on February 21, 2020. [Record No. 186] The Court's opinion noted what was evident from the text of the Sixth Circuit order authorizing the motion: "The Sixth Circuit determined that *Dimaya* was inapplicable but authorized consideration of the motion *on the narrow ground* of whether Weir's conviction on Count 2 is invalid given the Supreme Court's ruling in a different case: *United States v. Davis*, 139 S. Ct. 2319 (2019)." [*Id.* at p. 2 (emphasis added).] The Court granted relief as to this ground, denied relief regarding all other grounds, vacated Weir's conviction on Count 2, scheduled a resentencing proceeding, and appointed Howe to serve as the defendant's counsel. [*Id.* at p. 5]

The Court resentenced Weir on Counts 1, 3, and 4 on June 11, 2020, to terms of 456 months' imprisonment on Count 1, 300 months' imprisonment on Count 3, and 60 months' imprisonment on Count 4. [Record No. 198] Counts 1 and 3 are to be served concurrently with each other, and Count 4 is to be served consecutively with Counts 1 and 3 for a total term of 516 months' imprisonment, to be followed by 5 years of supervised release. [*Id.*] Weir, represented by Howe, filed the pending motion for a COA on June 24, 2020, and seeks to

appeal the Court's decision to deny relief as to the other grounds asserted in his motion for leave to file a second or successive § 2255 motion. [Record No. 200]

## II.

The Court declines to grant a COA for the claims unrelated to *Davis* that Weir raised before the Sixth Circuit. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When a § 2255 motion is denied on the merits, the defendant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial of a motion filed under § 2255 is based on a procedural ruling, the defendant must demonstrate, *inter alia*, that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* When considering the second or successive motion in its February 21, 2020 Order, the Court did not address the merits of the claims unrelated to *Davis* and summarily dismissed them. This was a procedural dismissal.

Reasonable jurists would not find the Court's ruling debatable for two reasons. First, the Sixth Circuit did not actually authorize the Court to consider the other claims of the second or successive petition. Title 28 of the United States Code, sections 2244 and 2255(h), require that a movant who seeks to file a second or successive § 2255 motion obtain authorization from the appropriate court of appeals prior to filing such a motion in district court. "The court of appeals may authorize a successive motion to vacate a sentence or conviction if the inmate makes a *prima facie* showing that his proposed claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *E.g.*, *In re Embry*, 831 F.3d 377, 379 (6th Cir. 2016) (citing 28 U.S.C. §§

2244(b)(3)(C) and 2255(h)(2)) (internal quotation marks omitted).  The same is true where a movant makes a *prima facie* showing that his proposed claim relies on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  *E.g.*, *In re Hall*, No. 17-5694, 2018 WL 4517060, at *1-2 (6th Cir. Feb. 8, 2018) (citing 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h)).

      Here, the Sixth Circuit exercised its authority under §§ 2244 and 2255 and found that Weir's proposed claims unrelated to *Dimaya*/*Davis* did not make the required *prima facie* showings under the relevant statutes.  [Record No. 179, p. 2 ("Weir does not rely upon any newly discovered evidence, and the only new rule of constitutional law that he relies upon is the one set forth in *Dimaya*.").]  Thus, while it authorized Weir to proceed with a *Davis* claim, it did not authorize him to raise the other claims in a second or successive § 2255 motion.  And this Court noted that the Sixth Circuit had narrowly authorized consideration of the *Davis* claim and appropriately dismissed the other claims without reaching their merits.  Reasonable jurists would not contest the Court's disposition.

      Second, other statutory provisions required a threshold dismissal of the five claims Weir seeks to appeal.  Section 2244(b)(4) states that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  This is not a jurisdictional rule because it "focus[es] on a single decisionmaker's review, at a particular stage, of 'a threshold condition,'" but it is nonetheless a mandatory requirement.  *Williams v. United States*, 927 F.3d 427, 438 (6th Cir. 2019) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012)).  The Sixth Circuit has construed this subsection to indicate that while

the court of appeals makes a *prima facie* determination as to whether a defendant's claims meet the requirements of § 2255(h), § 2244(b)(4), in effect, allows the district court "to determine for itself whether the petitioner has met the gatekeeping requirements of § 2255(h)." *Embry*, 831 F.3d at 382.  Reading the mandatory requirement of § 2244(b)(4)'s text together with the *Embry* decision leads to the conclusion that a district court must dismiss any claims raised in an authorized second or successive § 2255 motion that do not actually rely upon sufficient new constitutional rules or newly discovered evidence prior to reaching the merits of the claims themselves.[1]  *See Dillard v. United States*, 420 F. Supp. 3d 718, 728 (E.D. Tenn. 2019).

The Court was required to dismiss Weir's five other claims prior to reaching their merits because, as the Sixth Circuit indicated in its *prima facie* analysis, they do not remotely pertain to newly discovered evidence or new rules of constitutional law.  In fact, the coerced confession, familiar juror, and sufficiency of the evidence-related arguments were all addressed in some capacity by the Sixth Circuit on direct appeal in 2014.  *Weir*, 587 F. App'x at 304-308.  Weir also raised ineffective assistance of counsel claims in his initial § 2255 motion similar to that which he now asserts.[2]  [Record No. 151]  And any arguments that were

---

[1] It should be noted that this determination is not itself a ruling on the merits.  As the *Embry* court indicated, § 2255(h) prescribes gatekeeping requirements that must be satisfied to obtain authorization to file a second or successive motion and avoid dismissal by a district court.  *See Embry*, 831 F.3d at 382.  In other words, the conclusion that a claim meets the requirements of § 2255(h) does not necessarily compel relief on the merits.  *See Dillard*, 420 F. Supp. 3d at 727-32 (the district court addressing whether the requirements of § 2255(h) had been satisfied prior to reaching the merits of the second or successive motion's claim).

[2] Setting aside the narrow circumstances in which a movant may maintain a second or successive § 2255 motion, the Court notes that it is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."  *Wright v. United States*,

not previously raised in this case do not purport to rely upon newly discovered evidence or new constitutional rules.

Thus, the Court was compelled to dismiss these claims without reaching their merits, and reasonable jurists would not debate the Court's decision to do so. Weir has failed to make the requisite showing necessary to obtain a COA. Accordingly, it is hereby

**ORDERED** that Defendant/Movant Joseph Weir's application for a Certificate of Appealability, docketed as a motion [Record No. 200], is **DENIED**.

Dated: June 26, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

182 F.3d 458, 467 (6th Cir. 1999) (citing *Davis v. United States*, 417 U.S. 333, 345 (1974); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)).